GUSINE FREIKNECHT

*v.*

MAGDALENA MEYER.

A bill to redeem certain lands from a mortgage thereon stated that defendant entered as mortgagee in 1878, and had continued in possession of the premises as mortgagee ever since. The defendant answered that she did not enter merely as mortgagee, but under a sheriff's deed given to her after an

execution sale on a judgment obtained by her against the complainant for a debt other than the mortgage debt.—*Held*, that the case made by the bill failed because it appeared that the defendant held under a sheriff's deed (as to which the bill was silent), and that, if that was a valid conveyance, complainant had no right to redeem.

Bill to redeem. On final hearing on pleadings and proofs.

*Messrs. E. D. & W. B. Gillmore*, for complainant.

*Mr. F. C. Stumpf* and *Mr. J. A. McCreery*, for defendant.

THE CHANCELLOR.

The bill is filed to redeem certain premises, a lot in Jersey City, from a mortgage for $400, given by the complainant and her husband, to the defendant, April 2d, 1872. Part ($200) of the consideration of the mortgage was the amount of another one previously given on the same property, to the same mortgagee, by the same mortgagors. The bill, among other things, states that the defendant, on or about the 7th of March, 1878, entered into the possession of the mortgaged premises as mortgagee thereof under the $400 mortgage, and has ever since continued therein as such mortgagee. It prays that an account may be taken of the money due on the mortgage, and of the rents and profits of the property, and that a decree may be made that on the complainant's paying any balance that may appear to be still due on the mortgage, with costs, if the court shall so order, the premises may be delivered up to her, and the bonds and mortgages also, that they may be canceled.

The answer admits that the defendant entered into possession, but denies that she did so merely as mortgagee, and alleges that she bought the property at sheriff's sale, under an execution issued upon a judgment recovered by her against the complainant for a debt other than the mortgage debt, and that the sheriff conveyed the property to her in March, 1878, by deed duly recorded; that the complainant had full knowledge of the judgment and all the subsequent proceedings thereon, and, after the delivery of the sheriff's deed, acquiesced in and ratified the

conveyance and freely and voluntarily surrendered the premises to her, and that she entered upon and took possession thereof accordingly; and that with the full knowledge and acquiescence of the complainant, she, in 1882, built a house on the property which cost her over $3,000. It sets up other matters of defence, which, however, in the view I take of the case, it is not necessary to mention.

It will have been seen that the bill is entirely silent as to the sheriff's deed, and expressly states that the defendant took possession as mortgagee. In point of fact, she entered as owner of the equity of redemption, and holds under both the sheriff's deed and the mortgages. The complainant insists that the deed conveyed no title because, as her counsel urges, the judgment (it was recovered in the court for the trial of small causes and docketed in the court of common pleas) was not lawfully docketed. But the bill raises no issue on this point; indeed, it ignores the existence of the sheriff's deed, as before stated, and in effect declares that the defendant entered and claims possession under the mortgage alone. Had it stated the fact that the defendant claimed to hold under the sheriff's deed, and then averred that the deed was invalid merely on the grounds now insisted upon, and alleging no fraud or other equitable reason to warrant this court in deciding the matter, another question would have been presented, viz., whether this court would, under the circumstances, inquire into the validity of the legal title to the property. The answer to that question would not be doubtful, especially in view of the fact that the mortgagee sold the equity of redemption under an execution at law, on a judgment not recorded, for the mortgage debt, but for another and different one. The question would be a purely legal one, and this court would have no jurisdiction over it. The case made by the bill fails, because the defendant answers, and it appears by the evidence that she holds under a sheriff's deed, and if that be a valid conveyance the complainant has no interest whatever in the property, and therefore of course cannot maintain a suit for redemption. The bill will be dismissed, with costs.